# UNITED STATES DISTRICT COURT
for the
Eastern District of Pennsylvania

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )
White, Samsung smart phone model SM-G550T1, IMEI: ) Case No. 17-805-M
354606086829674 currently assigned call number )
267-684-8629 )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

located in the _____Eastern_____ District of _____Pennsylvania_____, there is now concealed *(identify the person or describe the property to be seized)*:


The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 USC Section 2422(b) | knowingly attempting to persuade or entice a minor to engage in prostitution and any sexual activity for any person can be charged with a criminal offense |

The application is based on these facts:
See attached affidavit incorporated by references as if set forth fully herein

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
Applicant's signature

Michael Bronisz, Special Agent FBI
Printed name and title

Sworn to before me and signed in my presence.

Date: __June 14, 2017__

_____
Judge's signature

City and state: Philadelphia, PA     Honorable Carol Sandra Moore Wells, US Magistrate Judge
Printed name and title

I, Michael Bronisz, being duly sworn, depose and state the following:

1. I am a Special Agent (SA) with the Federal Bureau of Investigation (FBI) and have been so employed over seven years. I am currently assigned to the Philadelphia Field Office, in particular to a squad responsible for investigating crimes committed against children, including but not limited to the sex trafficking of minors, in violation of Title 18, United States Code, Section 1591(a)(1). In the course of my duties, I have previously participated in the execution of numerous search warrants for documents and other evidence of federal offenses, including warrants authorizing the search of cellular phones and other electronic devices. Because I am a government agent engaged in enforcing the criminal laws, and am authorized by the Attorney General to request a search warrant, I am a "federal law enforcement officer" as defined by Fed. R. Crim. P. 41(a)(2)(C).

2. I make this affidavit in support the attached search warrant authorizing the search of a White, Samsung smart phone model SM-G550T1, IMEI: 354606086829674 currently assigned call number 267-684-8629, as more fully described in Attachment A (the "TARGET TELEPHONE"). For the reasons given below, I respectfully submit that there is probable cause to believe that there is currently contained within the digital contents of the TARGET TELEPHONE evidence of violations of Title 18, United States Code, Section 2422(b).

3. The information contained in this affidavit includes both information learned personally by me, as well as information provided to me by other witnesses and law enforcement officers in the course of the investigation. Because this affidavit is intended solely to demonstrate probable cause justifying the application for a criminal complaint and arrest warrant, the affidavit does not include all of the information known to me or to other law enforcement officers regarding the investigation.

## PROBABLE CAUSE

4. The FBI is investigating a child sex trafficking organization believed to be led by SOLOMON NAVO a/k/a "LIFE." On June 02, 2017, an advertisement was posted on Backpage.com under the section "Philadelphia roommates" with the title "$350, 1br, Need help single women only.., Female Only." The advertisement included the following statement, " I need a girl to make money from out my house something like a [sic] escort." The associated telephone number utilized to respond to the advertisement is 267-684-8629 and the corresponding email address for the individual that posted the ad is navosolomon39@gmail.com.

5. Backpage.com is an online marketplace that is known to law enforcement to be commonly used by sex traffickers to both recruit prostitutes and to advertise for the sale of prostitutes to customers.

6. Your affiant investigated whether telephone number 267-684-8629 had any other association with Backpage.com. Records from Backpage.com reveal the number 267-684-8629 has posted multiple advertisements soliciting customers for sexual acts via prostitution. These advertisements profiled various females. All of these advertisements were posted using the email address navosolomon39@gmail.com in addition to the 267-684-8629 number.

7. Further investigation confirmed that one of the females depicted in these ads was a minor female, who was 16 years of age in the photographs that were posted online. These advertisements were posted between March and May of 2016. Some of the images of this minor female included lewd and lascivious depictions.

8. On June 09, 2017, a confidential informant (hereinafter known as "CI") contacted NAVO regarding his June 2, 2017 advertisement. NAVO and the CI exchanged text messages discussing the arrangement of sex acts for money. After the CI informed NAVO that she was 17

years of age, NAVO acknowledged her age by stating, "17 that's young when is you birthday," "I'm sorry you to [*sic*] young," and "I can't do that to you only 17 sorry." Minutes later, however, NAVO texted "Call me," and "Just call me ok we have to talk." When the CI responded that she makes "real good money," NAVO again insisted "Ok call me ok" and "you have to call me."

9. When the CI asks about details of the fee arrangement, including "so is their [sic] a split of any kind and how much is rent," NAVO again states "we can talk all about the on the phone or when you get here." Based on my training and experience, I am aware that criminals often refuse to reduce their scheme to writing, but rather will only discuss details in person or via telephone.

10. On June 10, 2017, NAVO stated via text, "If you need in calls for the day you come make some money I can use it." Based on your affiant's training and experience, I am aware that "in calls" refer to an arranged meet where the customer will come to the location of the prostitute for the sale of a sex act. An "out call" refers to when a prostitute travels to a customer for the sale of a sex act.

11. On June 11, 2017, NAVO and the CI began discussing arrangements on the telephone, which was recorded by law enforcement. Regarding the fee arrangement that NAVO refused to discuss in text, NAVO stated they would do a "percentage split" of the profits, but did not specify the numerical split. The CI asked if she needed to buy her own supplies, including condoms, to which NAVO replied: "I'll help you out with everything, I got your back all the way." NAVO explained that his house is located at 55th Street and Willows Avenue, Philadelphia, Pennsylvania. NAVO told the CI that he had "done this before," referring to fact that he had utilized his house before for the purposes of prostitution.

12. During the same recorded call, the CI asked how much money she needed to pay to move in and NAVO replied, "You don't have to give me nothing up front, I just need you to work, that's it." NAVO again identified that the CI was a minor by stating, "You young too, you 17 you about to go 18."

13. On June 12, 2017, NAVO and the CI arranged for NAVO to pick the CI up at her hotel, Microtel Inn, 8840 Tinicum Boulevard, Philadelphia, Pennsylvania for the purpose of bringing her to his house to work as a prostitute. NAVO arrived at the location at 7:55 PM where he was arrested without incident. NAVO was immediately transported to the FBI Philadelphia Headquarters, 600 Arch Street, Philadelphia, Pennsylvania for processing.

14. NAVO was read his Miranda rights, waived those rights and was subsequently interviewed. During the interview, NAVO admitted that he has a history of profiting from females selling sexual acts for money. NAVO admitted that females named "CHOCOLATE", "MARIA" and "SNOW BUNNY" used to work for him by engaging in sexual acts with customers for money. NAVO admitted to having a working knowledge of Backpage.com and stated that he has utilized the site in attempt to recruit other females in the capacity of sex trade workers.

15. During the interview, NAVO confirmed that his telephone number is 267-684-8629 and his email address is navosolomon39@gmail.com. NAVO also stated that the TARGET TELEPHONE contained text messages regarding the recruitment of woman to work as prostitutes for him. NAVO also admitted that has used his cell phones to take pictures of prostitutes and post those images to Backpage.com to recruit customers.

## TECHNICAL BACKGROUND

16. From my training and experience, I know that a cellular telephone such as the TARGET TELEPHONE typically contains a "call log," which records the telephone number, date,

and time of calls made to and from the phone. In addition to the call log, a cellular telephone such as the TARGET TELEPHONE typically has the ability to store names and phone numbers in electronic "address books"; to send, receive, and store text messages and/or e-mail; to take, send, receive, and store photographs and/or video; to store and play back audio files; to store dates, appointments, and other information on personal calendars; and to access websites and download information from the Internet. Photos taken with the camera would remain on the camera until deleted. The phone would also keep Internet history files that would show websites that the phone visited. Moreover, I am aware that the above-described information, once stored digitally on a device such as the TARGET TELEPHONE, typically remains on the device for long periods of time and is not removed unless actively deleted by a user (and may, in fact, remain on the device even if marked for deletion by a user). Because phones use flash memory, the data will not be retained as long as on the typical hard drive on a computer, but it can still remain for periods of time even after a user deletes it.

## CONCLUSION

17. Based upon the information provided above, I respectfully submit that there is probable cause to believe that there is currently contained, within the TARGET TELEPHONE, evidence of a violation of 18 U.S.C. § 2422(b). I therefore respectfully request that the Court issue the attached search warrant, authorizing the search of the TARGET TELEPHONE, as more fully described in Attachment A, for the evidence particularly described in Attachment B.

Michael Bronisz
Special Agent
Federal Bureau of Investigation

Subscribed to and sworn before me this
14th day of June, 2017.

HONORABLE CAROL SANDRA MOORE WELLS
United States Magistrate Judge

## **ATTACHMENT A** – **Property to be Searched**

The property to be searched ("TARGET TELEPHONE") is a white, Samsung smart phone model SM-G550T1, IMEI: 354606086829674 currently assigned call number 267-684-8629. The TARGET TELEPHONE is currently located in the custody of the Federal Bureau of Investigation, Philadelphia office.

This warrant authorizes the forensic examination of the TARGET TELEPHONE for the purpose of identifying and obtaining the electronically stored information described in Attachment B.

## **ATTACHMENT B** – Items to be Seized

### Evidence of violations of 18 U.S.C. § 2422(b), including:

1. Call logs demonstrating incoming or outgoing telephone calls between the TARGET TELEPHONE and other telephone numbers, including the date and time of such telephone calls for the purpose of facilitating the enticement of a minor to engage in prostitution and any sexual activity for which any person can be charged with a criminal offense;

2. Text messages or other electronic messages regarding prostitution, the recruitment of persons to work as prostitutes, the solicitation of prostitution customers, or the management of any prostitution enterprise;

3. Photographs or videos tending to demonstrate the operation of a prostitution enterprise, including but not limited to photographs or videos for use in Internet advertisements offering prostitution;

4. Any photographs or videos of minors or victims involved in sex trafficking.

5. Contact lists and electronic address books tending to establish the identity of persons in contact with the TARGET TELEPHONE.

6. Evidence of the historical location of the TARGET TELEPHONE, to the extent contained within the TARGET TELEPHONE itself.

7. Evidence of ownership and/or the identity of the user of the TARGET TELEPHONE, including the content of messages, Internet search history, installed applications, user accounts and saved passwords.